CROCKET (The ISAAC NEWTON v.). See Case No. 7,092.

---

## Case No. 3,402.

### In re CROCKETT et al.

[2 Ben. 514;[1] 2 N. B. R. 208 (Quarto, 75); 2 Am. Law T. Rep. Bankr. 21.]

District Court, S. D. New York. Oct. Term, 1868.

BANKRUPTCY —WHAT ARE COPARTNERSHIP ASSETS —DISSOLUTION.

1. A formal dissolution of a partnership will not prevent the operation of the bankruptcy act upon the partners, so long as there are partnership debts and partnership assets existing.

[Cited in Re Williams, Case No. 17,703; Re Redmond, Id. 11,632.]

2. C. & S. applied for an adjudication of bankruptcy against themselves and J. as partners. The partnership did not exist at the time the petition was filed. There were partnership debts, but no partnership assets except a claim against B. & Co., for damages arising out of their fraudulent recommendation of a person to the firm, in consequence of which the firm intrusted property to him, which he failed to account for. Held, that such a claim was not within the description, in the fourteenth section of the act, of the assets which pass to the assignee in bankruptcy; and that the petition as to J. must be dismissed with costs.

[Cited in Re Cook. Case No. 3,150; Hopkins v. Carpenter, Id. 6 686; Trustees Mut. Building Fund v. Bosseiux, 3 Fed. 825;

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Tufts v. Matthews, 10 Fed. 611. Applied in Re Brick, 4 Fed. 807.]

[In bankruptcy. In the matter of the petition of Joseph D. Crockett and Christian F. Schramm for an adjudication of bankruptcy of themselves and James C. Jewett, as their copartner.]

C. N. Black, for petitioners.
Dan Marvin, for Jewett.

BLATCHFORD, District Judge. The petitioners set forth in their petition that they and one James C. Jewett are copartners; that the members of the copartnership are unable to pay their debts in full; and that Jewett refuses to join in the petition. The prayer of the petition is that the petitioners and Jewett may be adjudged bankrupts. There are schedules annexed setting forth debts and assets of the copartnership. The answer of Jewett to the petition avers that he has not been a partner with Crockett since January 1st, 1867; that Schramm is not and never was a copartner with Jewett, or with Jewett and Crockett; and that there was not, when the petition was filed, any property in existence which belonged to Jewett, in connection with the petitioners, or either of them, as copartners, or otherwise. The answer also denies specifically the existence of the assets named in the petition as assets of the copartnership. On the issue thus raised, testimony has been taken.

The thirty-sixth section of the bankruptcy act [of 1867 (14 Stat. 534)] provides that two or more persons, "who are partners in trade," may be adjudged bankrupt on the petition of the partners or of any one of them. The language of the fourteenth section of the bankruptcy act of 1841 [5 Stat. 448], in this particular, was substantially the same as is that of the thirty-sixth section of the present act. Such language can only apply to a subsisting copartnership. In re Hartz [Case No. 6,174]. But a mere formal dissolution of the copartnership, so long as there are partnership debts and partnership assets existing, the partners being joint debtors and the assets being joint property, will not prevent the operation of the act upon the partners, either in a voluntary or an involuntary case. This has been so held under a provision of the Massachusetts insolvent law, similar in language to that found in the thirty-sixth section of the present bankruptcy act. McDaniel v. King, 5 Cush. 469, 476. Where there are assets as well as debts of the copartnership remaining, the copartnership may properly be considered as subsisting quoad its creditors, and for the purpose of applying its joint stock and property to the payment of its creditors, there is every reason for such a construction of the act, and no reason for a different one.

In the present case, I am satisfied, from the evidence, that there was no partnership subsisting between the petitioners and Jewett when the petition was filed. As there were debts of the former copartnership, the only remaining question is, whether, at the time the petition was filed, there were any assets of the copartnership in existence. The only copartnership assets mentioned in the schedule to the petition are set forth thus: "Merchandise in the cities of Hongkong and Shanghai, China, and in Matamoros, Mexico; policies of insurance made by the following companies: Columbian Insurance Co., Great Western Insurance Co., Sun Mutual Insurance Co.; claims against insurance companies heretofore named, of no fixed value; claim against Black, Brothers & Co. for damages on letter of recommendation, no fixed value—above claims now in suit; claim against W. C. Pickersgill & Co., now in suit." The substance of the testimony of the petitioners, as to these claims, is that they have never been disposed of to their knowledge. But it is shown that neither one of the petitioners had anything but a general knowledge as to these claims, and that Jewett had specific knowledge in regard to them. Jewett shows satisfactorily that no merchandise, in China or Mexico, belonging to himself, or either of the petitioners, or to the copartnership, existed when the petition was filed; and that a claim in favor of the copartnership against one, and only one, of the three insurance companies named, and a claim against Pickersgill & Co., once existed, but that those claims were transferred long before the filing of the petition. The claim against Black, Brothers & Co. is shown to be a claim in suit, arising from the fact that Black, Brothers & Co. recommended a certain person to the copartnership as worthy of trust, and that the copartnership, on such recommendation, entrusted merchandise to such person for sale, and he disposed of it, and did not account for the proceeds. The suit is brought for fraudulently and deceitfully recommending the person as worthy of trust and confidence. Such a claim is not within the description, in the fourteenth section of the act, of the assets which pass to the assignee in bankruptcy. It is not a debt, or a security for a debt, or a right in equity, or a chose in action, or a right of action for property. Nor is it a right of action for a cause of action arising from contract. It is an action of tort for the fraud and deceit, and not an action on a contract.

The petition must be dismissed, as to Jewett, with costs.