## NOONAN VS. ORTON.

ACTION: PARTIES: PLEADING: PRACTICE. (1) *Action for malicious prosecution, etc.; its nature.* (2) *Right of action does not pass to assignee in bankruptcy.* (3) *General rule as to abatement, or stay of proceedings, where plaintiff's right of action is transferred.* (4) *Supplemental answer, asking a stay, treated as a plea in abatement.* (5) *When supplemental answer demurrable.*

1. An action for a malicious prosecution, or a malicious abuse of legal process, is an *action for a personal injury*, although special loss to plaintiff's *business* resulting from such wrong may be alleged to aggravate the damages.
2. The right to maintain such an action *does not pass* to the plaintiff's general *assignee* in bankruptcy, under the bankrupt law of the United States.
3. Even if such right of action passed to the assignee, this would be no reason why the *action should abate*, or *proceedings therein be stayed* on defendant's motion; but in that case the action might be continued in the name of the original plaintiff; or the assignee, if he required it, would have a right to be *substituted* as plaintiff. R. S., ch. 135, sec. 1; Bankrupt Law, sec. 16.
4. Where a supplemental answer, after alleging facts which have occurred since the filing of the original answer, prays that by reason thereof proceedings may be stayed, etc., it must be treated as a *plea in abatement*.
5. There is no error in sustaining a *demurrer to a supplemental answer*, where the facts stated therein are material to the issue, but are such as might be proven under the original answer.

APPEAL from the County Court of *Milwaukee* County.

This action was brought to recover damages for the alleged malicious abuse of legal process by the defendant in certain garnishee proceedings instituted by him in aid of and collateral to an action on contract theretofore brought by defendant against the firm of Noonan & McNab, of which firm the plaintiff in this action was a member. In the progress of the action the defendant interposed a supplemental answer, which alleges that after the service of the original answer, the plaintiff and

the firm of Noonan & McNab, were adjudged bankrupts by the district court of the United States for the eastern district of Wisconsin, upon the petition of the plaintiff; that one James G. Flanders was duly appointed assignee in bankruptcy, and has duly qualified as such; and that all of the property and assets of the plaintiff have been assigned to such assignee, to whom the interest of the plaintiff in the fruits of this action has passed, and who is the only proper person to prosecute the same; and it prays for a stay of proceedings until the matters therein alleged are adjudicated.

The plaintiff demurred to the supplemental answer on the ground that it did not state facts sufficient to constitute a defense.

The complaint alleges that by reason of the malicious abuse of the garnishee processes therein mentioned, the plaintiff was hindered and delayed in the collection of the debts owing to him by the persons upon whom such processes were served; that his credit was injured, and he was vexed, annoyed and embarrassed in his business, and was compelled thereby to sell a large amount of property at a sacrifice of several thousands of dollars, and suffered other damages therein stated.

The county court made an order sustaining the demurrer; from which the defendant appealed.

*John J. Orton*, appellant, in person, with *E. G. Ryan*, of counsel:

1. Under the bankrupt law, the assignee alone can prosecute the action. The term "chose in action" embraces rights of action *ex delicto* as well as *ex contractu.* 2 Black. Com., 396–7; 2 Stephens' Com., 74; 2 Kent, 351; 1 Chitty's Gen. Prac., 99; Jacobs' Dic., title "Chose." The term is equivalent to the *right to recover*, whether on contract or tort. It holds no distinction as to the character of the action. The object and policy of the bankrupt law is to vest the bankrupt's whole property, except exemptions, in the assignee, for the creditors. A judgment for tort recovered, and the right of action, belong

equally to the assignee. Sec. 19, indeed, embraces judgments in tort against the bankrupt, and excludes actions in tort against him, from debts provable; but this is probably upon the grounds: (1) that a right of action in tort does not make the person who has it a *creditor* of the bankrupt; and (2) that the inclusion of actions of tort against the bankrupt would necessarily carry with it, on principle, all his liabilities in tort, which would be a stirring up of litigation, against the policy of the law, and introduce additional confusion into proceedings under the act. The exceptions in section 14 come within the rule, *expressio unius exclusio alterius.* Again, that section specifically vests in the assignee all causes of action for taking, detaining or injuring the property of the bankrupt. The garnishee proceeding, as set up in the complaint, was a detention of his property and an injury to his business and property, within the meaning of the act. 2. The supplemental answer is good in another view. The garnishee proceeding was instituted under chapter 200, Laws of 1864. It is based on the statement that the plaintiff has reason to believe and does believe that the defendant has not property enough to satisfy the plaintiff's demand. The statute aims to give a remedy to creditors unknown to the common law, in anticipation of the insolvency of the debtor between suit brought and judgment; hence, the construction that the statute has relation only to the solvency of the debtor at the time of suing out the garnishee process, would defeat its purpose. As the process is to go upon the future condition of the debtor, which must be uncertain, it goes upon the belief of the creditor, and does not proceed upon the *fact.* The term "liable to execution" and the technical word "satisfy," taken together, show the meaning of the statute to be that the affidavit relates to property which the debtor then had, and which he *will continue to have*, subject to the plaintiff's execution, and sufficient to satisfy the plaintiff's judgment. 27 Wis., 594. The subsequent bankruptcy of the plaintiff and his firm is therefore a fact tending strongly to jus-

tify the garnishee proceedings complained of in this action. And as it occurred after this action was brought and answer made therein, it could not be given in evidence under the principal answer, and was therefore the proper subject of a supplemental answer.

*Jason Downer*, for the respondent:

1. It is the gist of the action to recover damages, (1) for injury to the credit of Noonan; and (2) for annoyance, vexation and expense in defending malicious and groundless suits brought to tie up property, by which it was rendered temporarily useless, and embarrassed, and thrown into bankruptcy. The action arises out of the malicious abuse of legal process, and the gist of it is, acts done by the defendant maliciously to the injury of the plaintiff; and the plaintiff is entitled to exemplary damages. 2. Neither the U. S. bankrupt act (see sec. 14) nor the English bankrupt act embraces or transfers to the assignee any right of action in tort, except such as may be brought to recover specific property or its actual value, or damages for its use and detention. *Crockett v. Jewett*, 2 Bank Reg., 75; *Brewer v. Dew*, 11 M. & W., 625; *Spence v. Rogers*, id., 191; *S. C.*, 13 M. & W., 571; *S. C.*, 12 Clark & Fin., 700; *Clark v. Calvert*, 8 Taunt., 742. 3. Actions in tort to recover exemplary damages do not pass to the assignee. See cases above cited, and *Sommer v. Wilt*, 4 S. & R., 19, 28; *O'Donnel v. Seybert*, 13 S. & R., 54. 4. Even if the assignee has a right to interpose, unless he does so, the plaintiff may prosecute the action. *Clark v. Calvert*, 8 Taunt., 742, and cases cited; *Fowler v. Down*, 1 Bos. & Pul., 44; *Webb v. Fox*, 7 Term, 391.

LYON, J. The principal question to be determined is, whether the bankrupt law of 1867 (14 Stats. at Large, 517) vests in the assignee in bankruptcy the plaintiff's right of action stated in the complaint.

It is necessary, in the first place, to determine the character of the action. Notwithstanding the averments in the com-

plaint of special damages and losses sustained by the plaintiff in his business, in consequence of the alleged malicious acts of the defendant, we think the action is, essentially, to recover damages for a personal injury, as distinguished from an injury to property. It is true that the effect of the wrong complained of was (as is alleged) to diminish the estate of the plaintiff, and render him less able to pay his debts. But the same results might follow any other personal injury. An assault and battery might disable a person for his business or labor for a long time or permanently, and subject him to heavy losses and expenses, and thus materially reduce his estate and his means with which to pay his debts. Yet it will not be claimed that an action to recover damages therefor would be an action to recover for injuries to property. Notwithstanding those incidents affecting the property and estate of the injured party, it would still be an action for an injury to the person. A libel or a slander might deprive a man of employment, destroy his credit, ruin his business, and greatly impair his estate; yet an action therefor would be an action for a personal injury, the effect of the wrong on the estate of the injured party being merely incidental. So in this case. The personal injury is the *gravamen* of the action, and the effect of the alleged malicious acts of the defendant upon the estate of the plaintiff is incidental merely. Such effect is an element to be considered in assessing damages, but does not and cannot change the character of the action.

We are now to inquire whether the bankrupt law transfers a right of action of this nature to the assignee in bankruptcy. The 14th section of that law, after enacting that all of the estate, real and personal, of the bankrupt (except certain specific property) shall vest in the assignee, further provides as follows: " All of the property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patents and patent rights and copyrights; all debts due him or any person for his use, and all liens and securities

therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which the bankrupt had against any person arising from contract, or from the unlawful taking or detention of or injury to the property of the bankrupt, and all his rights of redeeming such property or estate, with the like right, title, power and authority to sell, manage, dispose of, sue for and recover, or defend the same, as the bankrupt might or could have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy, and the appointment of his assignee, be at once vested in such assignee; and he may sue for and recover the said estate, debts and effects, and may prosecute and defend all suits at law or in equity, pending at the time of the adjudication of bankruptcy, in which such bankrupt is a party, in his own name, in the same manner and with the like effect as they might have been prosecuted or defended by such bankrupt." (p. 523.) There are some general words in the above provisions of the law, which, if not restricted by other words therein, are doubtless sufficiently comprehensive to include this cause of action ; for certainly it is a " chose in action," or a " right of action."

The law first names " *choses in action* " generally, as vesting in the assignee, and then proceeds to specify that "all his rights of action *for property or estate, real or personal,* and for any cause of action which the bankrupt had against any person arising from contract *or from the unlawful taking or detention of* or injury to the *property* of the bankrupt," shall be so vested. We are of the opinion that the words last quoted qualify and limit the preceding general words, and hence, that the " choses in action " for torts which pass to the assignee, are rights of action for real or personal property, or for the unlawful taking or detention of property, or for injuries thereto, and not causes of action for merely personal injuries.

The provision that the assignee may prosecute and defend, in his own name, *all* suits to which the bankrupt is a party, is doubtless limited by the preceding provision which authorizes

the assignee to sue for and recover "the estate, debts and effects" of the bankrupt. He can only sue for the property or rights of action which passed to him by virtue of the adjudication and his appointment as assignee; and hence he can only prosecute in his own name actions of like character, in which the bankrupt is a party.

That there are some rights of action which do not pass to the assignee, may also be inferred from the provisions of sec. 16, which authorize the assignee to prosecute, in his own name, actions pending in the name of the bankrupt "for the recovery of a debt or other thing *which might or ought to pass to the assignee*," clearly implying that there are rights of action which do not pass to the assignee.

Furthermore, it is scarcely reasonable to suppose that congress intended to vest in the assignee a right of action which would be destroyed by the death of either party thereto. That this cause of action does not survive in favor of or against the representative of a deceased party, is very clear. At the common law, no action *ex delicto*, in which the appropriate plea was "not guilty," so survived. The maxim *actio personalis cum persona*, was applicable to all actions of that class. But a very ancient statute — that of 4 Edw. III., c. 7, enacted about the year 1330 — gave a remedy to executors for a trespass to the personal estate of their testators, which remedy, by equitable construction, has been extended to administrators. 1 Chitty's Pl., 68. In this state the list of actions which survive is materially enlarged by statute. R. S., ch. 135, secs. 2, 6, 11 and 12. (Tay. Stats., 1572–4.) But in this list we fail to find enumerated actions for malicious prosecution or malicious abuse of legal process. These remain as at the common law, and the death of a party thereto is the death of the action. *Nettleton v. Dinehart*, 5 Cush., 543.

Neither is this cause of action assignable, either at law or in equity, and we fail to find sufficient in the bankrupt law to satisfy us that congress intended to make it assignable.

There is a singular absence of decisions on this subject by the courts of the United States. We are referred to but one case (*In re Crockett et al.*, 2 Bankrupt Reg., 75); and that one fully sustains our construction of the law. The facts of that case, and the principles decided therein, will sufficiently appear from the following extract from the opinion of Judge BLATCHFORD. He says: "The claim against Black Brothers & Co. is shown to be a claim in suit arising from the fact that Black Brothers & Co. recommended a certain person to the copartnership [that is, to the bankrupt firm] as worthy of trust, and that the copartnership, on such recommendation, entrusted merchandise to such person for sale, and he disposed of it and did not account for the proceeds. The suit is brought for fraudulently and deceitfully recommending the person as worthy of trust and confidence. Such a claim is not within the description in the 14th section of the act, of the assets which pass to the assignee in bankruptcy. It is not a debt, or a security for a debt, or a right in equity, or a chose in action, or a right of action for property. Nor is it a right of action for a cause of action arising from contract. It is an action of tort for the fraud and deceit, and not an action on a contract." Surely if that cause of action did not pass to the assignee, this does not.

Our conclusion is, that the cause of action in this suit did not pass to the assignee, but remains in the plaintiff, notwithstanding the adjudication in bankruptcy, and the appointment of such assignee.

But if such conclusion is wrong, we are yet unable to perceive why the action should abate, or the proceedings therein be stayed. The 16th section of the bankrupt act makes it the duty of the court, in a proper case, to admit the assignee to prosecute a pending action in his own name, *if he requires it.* This provision is understood to apply to suits pending in the state courts as well as to those pending in the federal courts. Bump on Bankruptcy, 343. We suppose that the assignee may, if he choose, permit the action to proceed in the name of

the bankrupt. .The practice seems to be analogous to that prescribed by statute, where certain causes of action are transferred *pendente lite.* " The action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." R. S., ch. 135, sec. 1. (Tay. Stats., 1572, § 1).

II. It is argued by the learned counsel for the defendant, that the facts stated in the supplemental answer show, or tend to show, that the defendant was justified in instituting the garnishee proceedings, and that the statements in the affidavits by which such proceedings were commenced, are true.

If this is a correct position, the matter stated in the supplemental answer is in bar. But it is not so pleaded. A supplemental answer is the substitute for a plea *puis darrein continuance* under the old practice, and may be either in abatement or in bar. In this case it is evidently interposed as a plea in abatement only ; for the prayer that the proceedings be stayed, etc., is equivalent to a prayer for judgment if the court will proceed, etc., which is peculiar to a plea in abatement. 1 Chitty's Pl., 660.

But in any event, if the facts stated in the supplemental answer are material to the issue in this case (a point which we do not decide), we think the original answer is sufficiently broad to entitle the defendant to prove such facts on the trial, without the aid of the supplemental answer.

Upon the whole case, therefore, we are of the opinion that the demurrer to the supplemental answer was properly sustained.

*By the Court.* — Order affirmed.