# NEW YORK SUPERIOR COURT.

JOHN RYALL, administrator, &c., plaintiff, agt. JAMES
KENNEDY, defendant.

*Arrest — execution against the person — when will be vacated.*

The term, "injury to person," as used in section 179 of the Code, cannot
be extended by judicial construction beyond injuries to the person of
the *plaintiff*. An action for such an injury dies with the plaintiff.

An action brought by an administrator against the master of a vessel for
negligently causing the death of his intestate, is not such an action as
will authorize the arrest of the defendant.

It is not an action for an injury to the person of the *plaintiff*, but a
statutory action founded upon the death of plaintiff's intestate. The
statutes under which such actions are now maintainable provide for the
recovery of pecuniary damages not exceeding $5,000, but give no
remedy against the person of the defendant. They are in derogation
of the common law, and hence their provisions cannot be extended and
deemed to confer, by implication, a right of arrest, as long as their lan-
guage is not fairly susceptible of such an interpretation.

THIS is a motion to set aside an execution issued against
the person of the defendant.

The complaint in the action avers:

1. That the defendant was the master of the steamship
City of Brussels.

2. That in March, 1871, the plaintiff's intestate, John
Ryall, took passage in the said steamship from Liverpool to
New York, and the master, for a good consideration, " under-
took, promised and agreed to safely and securely convey and
transport the intestate to the city of New York by the said
steamship."

3. That the intestate then went on said vessel and pro-
ceeded on his voyage to New York.

4. That thereafter, and through the negligence and carelessness of the said defendant, the said master of said vessel, a tin drinking cup, used by emigrants, and which then contained poison, was allowed by such defendant, master aforesaid, to be placed and remain on or near the dining table in the cabin of said vessel, where John Ryall, jr., now deceased, took his meals, and through such carelessness and negligence of said defendant, master aforesaid of said vessel, the said John Ryall, jr., being then about five years of age, entered said cabin and took up said tin cup to drink, not knowing it contained poison, whereby he was instantly poisoned, and which resulted in his death, all of which was without the fault or negligence of said John Ryall, jr., or his parents, in whose charge he was.

The action was tried some years ago, and the complaint dismissed on the ground that the owners, and not the captain, were liable.

The plaintiff appealed to the general term of this court, where the judgment of dismissal was reversed and a new trial ordered.

The defendant appealed to the court of appeals, where the order was affirmed and, pursuant to the stipulation to be given in such appeals, judgment absolute ordered for plaintiff, with costs.

The proceedings were thereupon remitted to this court and the case sent to a sheriff's jury to assess the damages, which it did at $2,000.

Judgment thereupon was entered in the plaintiff's favor, and execution issued against defendant's property, which was returned *nulla bona.*

The plaintiff then issued an execution against the person of the defendant, upon which the defendant is now held in custody.

*Salter & Cowing,* attorneys for plaintiff.

*Platt & Gerard,* attorneys, and *John M. Bowers,* of counsel for defendant.

FREEDMAN, *J.* — Section 288 of the Code provides that if the action be one in which the defendant might have been arrested, as provided in sections 179 and 181, an execution against the person of the judgment debtor may be issued; but no such execution shall issue, unless an order of arrest has been served, as provided by the Code, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179.

Under the decision in *Wood* agt. *Henry* (40 *N. Y.,* 124) the phrase in the statute, "statement of facts," must be construed to mean, and be confined to, a statement of such facts as are constitutive parts of the cause of action.

No order of arrest having been obtained, the execution cannot be sustained on the ground of the existence of such an order.

In the view hereafter expressed an order of arrest could not have been granted in this case, except on affidavit showing that defendant was either a non-resident of the state, or about to remove therefrom. But this question is not now before me, for no facts appear which call for a decision upon that point.

It therefore remains to be seen, only, whether the facts alleged in the complaint which constitute the cause of action, show one of the causes of arrest specified by section 179. It is contended that they do, it being claimed that the complaint sets forth facts constituting a cause of action for an injury to the person.

It is true that the complaint sets forth a cause of action for negligence. It is therefore founded on tort. But the tort alleged is not such as will authorize an arrest of the defendant.

Even if the term "injury to person," as used in section 179, can be deemed to include all kinds of personal injuries, be they occasioned by acts of omission or of commission on

the part of the defendant, it cannot be extended by judicial construction beyond injuries to the person of the plaintiff. An action for such an injury dies with the plaintiff.

The case at bar is not an action for an injury to the person of the plaintiff, but a statutory action founded upon the death of plaintiff's intestate. It could not have been maintained at common law. It is purely the creature of a statute. The statutes under which such actions are now maintainable are: Laws 1870, chapter 78, page 215, amending Laws 1847, chapter 450, page 575, and Laws 1849, chapter 256, page 338. They provide for the recovery of pecuniary damages not exceeding $5,000, but give no remedy against the person of the defendant.

They are in derogation of the common law, and hence their provisions cannot be extended and deemed to confer, by implication, a right of arrest, as long as their language is not fairly susceptible of such an interpretation.

The execution against defendant's person must be set aside, with ten dollars costs.