CASE 51—PETITION ORDINARY—JUNE 21.

# Cleveland Coal Company v. Sloan & Dick.

APPEAL FROM PULASKI CIRCUIT COURT.

ASSIGNMENT FOR CREDITORS—RIGHT OF ACTION FOR WRONGFULLY SUING OUT ATTACHMENT AGAINST FIRM.—The wrongful suing out of an 'attachment against a firm having resulted in the closing of their establishment and the making of an assignment for the benefit of creditors, the right of action for the injury done to the firm property and credit is in the assignee, and not in the partners. The cause of action accrued to the firm before the assignment, and passed by its terms to the assignee.

O. H. WADDLE FOR APPELLANT.

1. By the assignment for the benefit of creditors all causes of action of the assignors passed to the assignee except those arising from mere

personal torts. Appellees can not recover, therefore, for the injury to their mercantile business. (Burrill on Assignments, 4th ed., p. 148, sec. 103; McKee v. Judd, 12 N. Y., 622; 34 Pa. St., 299; Jordan v. Gillen, 44 N. H., 424; Butler v. R. Co., 22 Barb., 110; Knefler v. Shreve, 79 Ky., 307; Mayo's Adm'r v. Sneed, 79 Ky., 634; Francis v. Burnett, 84 Ky., 35.)

2. Where partners sue for a tort committed on them as a firm, no damage can be given for any injury to the private feelings of the plaintiffs. The act complained of must affect the joint business or trade of the co-partnership. (Sedgwick on Measure of Damages, 692.)

3. Malice and want of probable cause must concur in the suing out of the attachment before any action of this character can be maintained, and the burden rests with the plaintiff. (Cox v. Taylor, 10 B. M., 20; Wood v. Ware, &c, 5 B. M., 544; Maddox v. Milnes, 7 Mon., 370; Mitchell v. Mattingly, 1 Met., 237; Pettit, &c., v. Mercer, 8 B. M., 57; 2 Bouvier's Law Dictionary, 141; 2 Greenleaf on Evidence, secs. 449–453 and 455; Cooley on Torts, p. 184, note 4.)

4. If a full and correct statement of the case has been submitted to legal counsel, the advice thereupon given furnishes sufficient probable cause for proceeding accordingly. (Cooley on Torts, 183; 2 Greenleaf on Evidence, sec. 459; Wicker v. Hotchkiss, 62 Ill., 107; Cooper v. Utterback, 37 Md., 282; Walter v. Sample, 25 Pa. St., 275; 14 Am. Rep., 75; Burgett v. Burgett, 43 Ind., 78.)

CURD & DENTON, M. H. OWSLEY for appellees.

1. If the grounds upon which an attachment is procured do not, in fact, exist, the attachment is wrongful, although the plaintiff may believe in the existence of the alleged grounds. (Pettit & Owen v. Mercer, 8 B. M., 51.)

2. The evidence failed to show a fraudulent intention upon the part of appellees to place their property beyond the reach of creditors. (Warner v. Everett, 7 B. M., 262.)

3. From want of probable cause malice *will be implied.* (Yocum v. Polly, 1 B. M., 360; Cox v. Taylor's Adm'r, 10 B. M., 20; Fullenwilder v. McWilliams, 7 Bush, 389.)

4. The right to sue for malicious prosecution did not pass to the assignee. (Gen. Stats., chap. 10; Francis v. Burnett, 84 Ky., 26–34, 35.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellees were partners, engaged in the sale of goods, wares and merchandise, and while conducting the firm business the appellant obtained an attachment that resulted in their closing their establishment, and

making a general assignment for the benefit of creditors. They allege a joint wrong inflicted upon them— a loss of credit, by which they were compelled to quit business, to their great damage.

The assignment was made between the issual of the attachment and the levy, and it is apparent from the proof that insolvency was inevitable, and the effect of the attachment was only to hasten the time for making it. It is claimed by the appellant that, as the right of action was an injury to the partnership, whether to its property or. to its credit, the claim, if any, passed by the assignment to the assignee, and being firm assets when collected, as the right of recovery existed before the assignment, the recovery should go to the assignee for . creditors, and that, therefore, the assignee must sue. It may be a tort, and yet, if an injury to the firm property, it passed to the assignee, and if an injury to the firm credit, the same result would follow. If the cause of action would survive, then, as said in Francis v. Burnett, 84 Ky., 23, it would pass to the personal representative. By our statute *so* much of the action for malicious prosecution as is intended to recover for the personal injury dies with the person. (Ch. 10, General Statutes.)

There was nothing sought to be recovered for personal injury in this case, because they sue as partners for an injury to the firm credit and business. This is the gravamen of· the complaint, and none other existed upon the facts alleged. The inquiry is, how could the firm be exposed in any other way than as to its property or its credit or its business? It affects the partnership, and not the individual member, only

Cleveland Coal Company v. Sloan & Dick.

in so far as he is connected with the business, and no individual or several injury is alleged. While there might be a separate cause of action as to each partner, by reason of the wrongful levy, the facts alleged do not present such a cause of action. Where the property of the firm is injured, or its credit destroyed, the firm, as such, is affected by it, and must bring the action. It is conceded that the judgment in this case is for the firm, and is firm assets, and that one member of the firm can have it applied to pay partnership debts. If so, the cause of action accruing before the assignment, the right of recovery passed by its terms to the · assignee. There has been no *personal injury* in the sense of the statute inflicted on the individual partner. They have not been arrested or imprisoned, or a several injury inflicted so as to enable one of the firm to appropriate the recovery for his own use against the will of the other. In such a case we think it manifest that these appellees can not recover, and the defense made upon that ground should have been sustained. ·

The judgment is reversed, and remanded for proceedings consistent with this opinion.