## In re HAENSELL.

(District Court, N. D. California. January 6, 1899.)

### No. 2,765.

1. **BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—CAUSE OF ACTION IN TORT.**
   A right of action for damages for a malicious prosecution and arrest, suffered by the plaintiff before his adjudication as a bankrupt, constitutes no part of his estate in bankruptcy, and does not pass to or vest in the trustee.

2. **SAME—PROSECUTION BY TRUSTEE OF PENDING SUITS.**
   Bankruptcy Act 1898, § 11, providing that the trustee in bankruptcy may, with the approval of the court, "be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication," relates only to actions in which the estate of the bankrupt has an interest, and which may be prosecuted by the trustee for the benefit of the creditors.

3. **SAME—BANKRUPT PROSECUTING PENDING ACTION OF TORT.**
   Where, prior to the adjudication, the bankrupt had begun an action in a state court to recover damages for a malicious prosecution and arrest, the court of bankruptcy has no jurisdiction to control him in the further prosecution of such suit, the right of action therein not vesting in his trustee; and the bankrupt needs no permission from the court of bankruptcy to prosecute such suit to judgment.

In Bankruptcy.

S. M. Buck, for the motion.

DE HAVEN, District Judge. This is an application by the bankrupt for an order permitting him to prosecute to judgment a certain action, commenced by him prior to the date of his being adjudged a bankrupt, and now pending in one of the courts of the state, to recover damages for his malicious prosecution and arrest upon a criminal charge. The present motion is necessarily based upon the assumption that the right to any damages which may be recovered in the action to which it refers is vested in the trustee in bankruptcy, for, if the bankrupt's original right to recover damages for such alleged malicious prosecution is not vested in such trustee, it must follow that this court has no jurisdiction to exercise any control over the bankrupt in the matter of prosecuting such suit; and, upon consideration of the question, I am satisfied that the cause of action for the malicious prosecution and imprisonment alleged to have been suffered by the bankrupt constitutes no part of his estate in bankruptcy. This is made very clear by a reference to section 70 of the bankrupt act. That section provides that there shall be vested in the trustee, except so far as such property is exempt, the title of the bankrupt to—

"All (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him; * * * (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

A cause of action for damages arising out of a personal wrong suffered by the bankrupt is not embraced in the foregoing description of property, the title to which, by operation of law, vests in the trustee of the bankrupt. The right to sue for a personal tort, such as slander, malicious prosecution, assault, etc., is strictly personal. It cannot be assigned, is not subject to levy and sale upon judicial process, and the statute does not contemplate that the bankrupt's right to maintain an action to recover damages for such wrongs shall constitute any part of his estate in bankruptcy. The law follows, in this respect, section 14 of the bankruptcy act of 1867 (14 U. S. Stats. 517), in the construction of which it was uniformly held that rights of action for personal torts did not vest in the assignee in bankruptcy. In re Crockett, 2 Ben. 514, Fed. Cas. No. 3,402; Noonan v. Orton, 34 Wis. 259; Dillard v. Collins, 25 Grat. 343. In the first of these cases it was held that a cause of action for fraudulently and deceitfully recommending a person as worthy of trust and confidence did not pass to the assignee in bankruptcy by virtue of section 14 of the bankruptcy act of 1867; and in Noonan v. Orton it was decided that an action for an abuse of an attachment process was an action for a personal injury, and did not vest in the assignee, although the wrong injured the bankrupt's business; while in Dillard v. Collins it was held that a plea that the plaintiff had been adjudged bankrupt under the act of 1867 was not a good plea to an action of slander. The decisions under the bankruptcy laws of England are to the same effect, and section 70 of the present bankruptcy law of the United States, defining what property of the bankrupt shall vest in the trustee, is not more comprehensive than the act of 6 Geo. IV. c. 16, which provided that all the real and personal estate of the bankrupt, and "all the present and future personal estate of such bankrupt, wheresoever the same may be found or known," should be assigned to the assignee of the bankrupt.

In construing this statute, it was said by Lord Denman, C. J., in Rogers v. Spence, 13 Mees. & W. 580:

"On the bankruptcy of a trader, there are some rights of action to which he may be entitled, which vest in the assignee, and some which do not. * * * The act of 6 Geo. IV. c. 16, which does not in this respect substantially vary from those formerly in force, gives to the assignee, by sections 63, 64, and 68, all the personal and real estate of the bankrupt, and all debts due or to be due to him. And as the object of the law is manifestly to benefit the creditors, by making all the pecuniary means and property of the bankrupt available to their payment, it has, in furtherance of this object, been construed largely so as to pass, not only what in strictness may be called the property and debts of the bankrupt, but also those rights of action to which he was entitled for the purpose of recovering, in specie, real or personal property, or damages in respect of that which has been unlawfully diminished in value, withheld, or taken from him; but causes of action not falling within this description, but arising out of a wrong personal to the bankrupt, for which he

would be entitled to remedy, whether his property were diminished or impaired or not, are clearly not within the letter, and have never been held to be within the spirit, of the enactments, even in cases where injuries of this kind may have been accompanied or followed by loss of property."

In Hancock v. Caffyn, 8 Bing. 358, Tindal, C. J., in passing upon a question arising under the same statute, said:

"Undoubtedly, there is a large class of actions in which, though an action lies for the bankrupt, the right does not pass to his assignees; as for injuries to person or reputation."

And Park, J., said, in the same case:

"It is true that the right of action for an injury to the person does not pass to the assignee, but, for an injury to the bankrupt's personal property, he is entitled to sue."

In Howard v. Crowther, 8 Mees. & W. 601, it was held that the right of action for seduction of a servant did not pass to the master's assignees in bankruptcy. In that case, Lord Abinger, C. B., said:

"Nothing is more clear than that a right of action for an injury to the property of the bankrupt will pass to his assignees; but it is otherwise as to an injury to his personal comfort. Assignees of a bankrupt are not to make a profit of a man's wounded feelings. Causes of action, therefore, which are, as in this case, purely personal, do not pass to the assignees, but the right to sue remains with the bankrupt."

The same rule was declared by Lord Denman, C. J., in Drake v. Beckham, 11 Mees. & W. 319, as follows:

"There is no doubt that a right of action for an injury to the body or feelings of a trader, arising from a tort, independent of contract, does not pass to his assignees,—ex gr. for an assault and battery, or for slander, or for the seduction of a child or servant; and the same may be said of some personal injuries arising out of breaches of contracts, such as contracts to cure or to marry."

In Wetherell v. Julius, 10 C. B. 267, the declaration contained two counts; the first one being for damages for an alleged malicious prosecution and imprisonment. To this count there was a plea by the defendants to the effect that after the committing by the defendants of the grievances therein alleged, and before the commencement of the action, the plaintiff had been adjudged bankrupt, and that by reason thereof the cause of action set forth in that count of the declaration became vested in the assignee in bankruptcy. This plea was overruled, and in the course of its opinion the court said:

"This certainly is a personal wrong, for which he would be entitled to a remedy, wholly irrespective of any pecuniary loss sustained; and, accordingly, we hold that it would not pass to the assignee, and that the plea to the first count is bad."

As already indicated, my conclusion is that the wrong suffered by the bankrupt by reason of his alleged malicious prosecution and imprisonment was personal to himself, and the right to sue and recover damages therefor is not vested in the trustee of his estate in bankruptcy. The bankrupt therefore has the right to determine for himself whether the action to recover damages for the injury alleged to have been sustained by him shall be further prosecuted or not, and this court is without jurisdiction to make any order in the premises. For these reasons, the application for leave to prosecute is denied.