### In re TINKER.

(District Court, S. D. New York. January 27, 1900.)

1. BANKRUPTCY—DISCHARGE—JUDGMENT FOR TORT—JURISDICTION.

Although the only debt scheduled against the estate of a bankrupt is a judgment of a state court in an action against him for criminal conversation, the court of bankruptcy has jurisdiction of his application for discharge, and will grant him a discharge if he is otherwise entitled to it, without any final determination of the question of the effect of the discharge on such judgment.

2. SAME—DEBTS AFFECTED BY DISCHARGE—JUDGMENT FOR CRIM. CON.

Semble, that a judgment against the defendant in an action for criminal conversation is not a judgment "for a willful and malicious injury to the person or property of another," within the meaning of Bankr. Act 1898, § 17, subd. 3, providing that such judgments shall not be released by a discharge in bankruptcy.

In Bankruptcy. On bankrupt's application for discharge and opposition thereto by creditor.

Nelson Smith, for bankrupt.
Thomas McAdam, opposed.

BROWN, District Judge. An adjudication of the above bankrupt was made on September 13, 1899, the only debt scheduled being a judgment against him for $50,653.98 damages and costs, recovered in the supreme court of this state in an action of crim. con.

On the return day of the application for a discharge, the judgment creditor has objected (1) that the judgment is for a "willful and malicious injury to the person or property of another," and therefore will not be released by a discharge; (2) that this being the only debt scheduled, there are no debts to be discharged, and that the court therefore has no jurisdiction to grant any discharge.

The gist of the action in which this judgment was recovered is the loss of the comfort, society and assistance of the wife. 2 Greenl. Ev. § 51, and cases there cited; 5 Enc. Pl. & Prac. 616; Barnes v. Allen, 1 Abb. Dec. 117. The violation of these rights springing from the marital relation, though a heinous personal wrong to the husband, can only with difficulty be said to be an "injury to his person" (Ryall v. Kennedy, 52 How. Prac. 517), and though the husband has a legal right to the aid, service and assistance of the wife, the deprivation of this right can hardly be said to be an "injury to his property." See In 're Haensell (D. C.) 91 Fed. 355, and cases there cited. Under the common-law system of pleading, indeed, the plaintiff in actions of crim. con. might maintain trespass vi et armis; but the assault pleaded in such cases was an assault upon the wife, not upon the plaintiff; and the loss alleged was "the loss of comfort, fellowship, aid and assistance of the wife." The action, however, might equally be brought in trespass on the case, in which, after alleging the wicked and unjust acts, the same loss and damage were pleaded as in trespass vi et armis. See 2 Chit. Pl. *642, 856.

Another requisite element to prevent the operation of the discharge is, that the injury shall be "malicious," which seems to require a malevolent intent towards the plaintiff. In actions of a similar nature it has been held that "malice" cannot be predicated, and discharges were therefore granted. Livergood v. Greer, 43 Ill. 213; Howland v. Carson, 28 Ohio St. 625, 16 N. B. R. 372; In re Sullivan, 1 Nat. Bankr. N. 380; Anderson v. How, 116 N. Y. 342, 22 N. E. 695; Com. v. Williams, 110 Mass. 401.

The ordinary course of procedure in adjudging discharges, where the court has jurisdiction of the petition, is to grant the application, if the brankrupt is otherwise entitled to the discharge, without determining in any way its effect in releasing any particular debt, and that course should, I think, be pursued here. Coll. Bankr. 135. There may be other debts of the bankrupt owing to creditors who, though not named in the schedules, yet by reason of their actual knowledge of these proceedings would be barred by the discharge, even though the judgment scheduled should not be released by it. Bankr. Act 1898, § 17, subd. 3. It cannot be said, therefore, that in the latter case the discharge would be of no possible use, or that the court has no jurisdiction to grant it. On the other hand, if not granted, its force and effect could not be adjudicated in the ordinary way by being set up as a bar to any further proceedings upon the judgment; while the granting of the discharge in this proceeding

would not necessarily be res adjudicata as respects its effect as a release from this judgment. The discharge should, therefore, be granted, without any attempt at a final determination of its effect upon the judgment.