J. C. CLELAND ET AL. V. GEORGE F. ANDERSON ET AL.

FILED DECEMBER 20, 1905.    No. 12,160.

**Bankruptcy:** ASSETS.  The right of action given by section 11, chapter 91*a*, Compiled Statutes 1903, is for injury to "business, employment or property," and under the national bankruptcy act passes to the assignee in bankruptcy.

ERROR to the district court for Dawson county: HOMER M. SULLIVAN, JUDGE.  *Reversed.*

*Kennedy & Learned, Stinson & Martin* and *E. A. Cook,* for plaintiffs in error.

*H. D. Rhea, H. M. Sinclair* and *Warrington & Stewart, contra.*

SEDGWICK, J.

In the opinion last filed in this case, 66 Neb. 276, the former judgment of this court was vacated, and the judgment of the district court affirmed.  It appears that at least two important errors in that opinion led the court to a wrong conclusion.  These errors did not arise from any neglect of counsel.  There were at least a dozen briefs filed in the case, which ably and exhaustively discuss the various questions involved.  One of these briefs, which seems to present a vital question with unanswerable logic, was entirely overlooked by the writer of that opinion.

1. By the conclusion there reached the judgment of the district court was affirmed against all defendants, whereas the action as against the defendant Nebraska Retail Lumber Dealers Association had already been dismissed for satisfactory reason thoroughly discussed by Mr. Commissioner POUND in the first opinion. 66 Neb. 252.  It was not intended to vacate the judgment as to this defendant, which was entered pursuant to the first opinion.

2. By the 6th paragraph of subdivision *a* of the section

of the national bankruptcy act (3 U. S. Comp. St. p. 3451, sec. 70) referred to in the last opinion, "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property" passed to the trustee in bankruptcy. In the last opinion it was said that the damages involved in this action did not arise upon contract, nor from the unlawful taking or detention of or injury to the bankrupt's property. This seems to be an error, as is plainly pointed out in the brief which was then overlooked. This action was based on chapter 91a, Compiled Statutes, 1903, entitled "trusts." Section 1 (Ann. St. 11500) of that act defines "trusts," and section 11 (Ann. St. 11510) gives the right of action. "Any person who shall be injured in his business, employment or property * * * may have his right of action * * * and he shall recover the damages by him sustained." The action pending in Lincoln county when the plaintiff became a bankrupt was likewise based upon this statute, and like this action was brought to recover damages for injury in his business, employment and property. It was a mistake to suppose that the injury complained of was personal to the plaintiff in the same sense that an action for loss of limb or other physical disability would be. No action for damages for physical disability could be maintained under the statute in question, and, as far as the petition attempted, if it did attempt, to recover for injury to plaintiff's business reputation, it failed to state a cause of action under that statute. If this reasoning is correct, as it seems to us to be, the plaintiff's action for damage in Lincoln county was for injury to his business, employment and property, and so would be within the 6th subdivision of the section of the federal statute referred to, and would pass to the assignee in bankruptcy. This claim, having been satisfied and released as against some of the parties liable, would be satisfied as to all, as pointed out in the first opinion.

The judgment entered herein is therefore vacated, and the judgment of the district court is reversed, and the

cause dismissed as to defendant the Nebraska Retail Lumber Dealers Association, and remanded for a new trial as to the defendants Cleland and Carroll.

JUDGMENT ACCORDINGLY.