HANSEN MERCANTILE COMPANY v. WYMAN, PARTRIDGE & COM-
PANY and Another.[1]

October 2, 1908.

Nos. 15,608—(137).

**Trustee in Bankruptcy.**

Under the federal bankruptcy act a trustee in bankruptcy is vested
with all property which, prior to the filing of the petition, the bankrupt
could by any means have transferred, and with all rights of action aris-
ing upon contracts, or for the unlawful taking or detention of, or injury
to, his property.

**Assignment of Cause of Actions.**

Under section 4502, R. L. 1905, a cause of action for injury to the
property of an owner who is subsequently adjudicated a bankrupt is
assignable, and passes to the assignee in bankruptcy.

**Corporation—Action ex delicto.**

Pursuant to the principle that for every wrong there is a remedy, it
is the intention of the law to secure to a corporation all the rights
and remedies of a natural person, so far as its artificial nature will
permit. A corporation, however, cannot bring an action ex delicto for
a purely personal tort, nor can it be awarded purely personal damages.

**Same—Malicious Attachment.**

Malicious attachment of corporate property is not a personal tort, but
gives rise to a cause of action for injury to property, which passes to the
trustee in bankruptcy of the corporation.

**Same.**

Here defendant, as creditor of the plaintiff corporation, attached its
property. The corporation was adjudged bankrupt. While the trustee,
duly appointed, was in possession of its property and engaged in the ad-
ministration of its estate, it brought an action against the defendant
for malicious attachment. It is *held* that plaintiff could not maintain
the action.

Action in the district court for Steele county to recover $20,000
for alleged malicious levy of an attachment. The case was tried be-
fore Buckham, J., and a jury which rendered a verdict in favor of

[1] Reported in 117 N. W. 926.

plaintiff for $763.12. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*Dodge & Webber* and *Littleton & Alexander*, for appellants.

*H. H. Dunn* and *Sawyer & Sperry*, for respondent.

JAGGARD, J.

The defendant, a creditor of the plaintiff corporation, operating a mercantile business, attached certain property of plaintiff. Upon application the district court dissolved the attachment. Plaintiff brought this action to recover damages for malicious attachment. Before evidence was introduced, the defendant moved the court to direct a judgment in its behalf on the pleadings upon the following grounds:

1. "That it stands admitted by the pleadings that subsequent to the issue and levy of the attachment mentioned in the complaint, and subsequent to the resulting injury complained of, the plaintiff herein was adjudged a bankrupt; that a trustee in bankruptcy of the property and effects of the said plaintiff was duly appointed and qualified; and that such trustee is now in possession of the property and effects of said plaintiff and engaged in the administration of said bankruptcy estate.

2. "That all the right, title, and interest of the plaintiff in and to the causes of action set forth in the complaint passed to the trustee aforesaid upon his qualification as such, and that said plaintiff now has no right, title, or interest in or to the claim and demand asserted in the complaint herein. The defendant predicates this motion upon the following propositions of law: That the plaintiff, as a corporation, could not and did not, under the allegations and admissions contained in the pleadings, suffer a purely personal injury, or such an injury as dies with the person and is nonassignable and nontransferable; that whatever the injury the plaintiff did or could suffer by reason of the levy of the attachment in question was an injury to property; that an injury to property survives, and is assignable and transferable, and passes to an assignee in insolvency and to a trustee in bankruptcy, and did so pass in this instance."

The motion was denied, the case tried, and a verdict for plaintiff for the sum of $763.12 returned. This appeal was taken from an

order denying the usual alternative motion for judgment notwithstanding the verdict or for a new trial.

Under the present federal bankruptcy act the trustee in bankruptcy is vested with all "property which prior to the filing of the petition [the bankrupt] could by any means have transferred," and with all "rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property." 30 St. 565, § 70 (U. S. Comp. St. 1901, p. 3451). Section 5912, G. S. 1894 (section 4502, R. L. 1905), entitled "What causes of action survive," provides as follows: "A cause of action arising out of an injury to the person dies with the person of either party, except as provided in the next section. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former, and against the personal representatives of the latter." Within this section a cause of action for fraud and deceit was held not to be an injury to the person, but an injury to property. It was therefore held to survive death. Billson v. Linderberg, 66 Minn. 66, 68 N. W. 771. This accords with the general American doctrine that all causes of action arising from torts to property, real or personal, injuries to the estate by which its value is diminished, survive. Pomeroy, Rem. & Rem. Rights, (2d Ed.) § 147; Webber v. St. Paul City Ry. Co., 97 Fed. 140, 38 C. C. A. 79. If the cause of action in this case, accordingly, was for injury to the property and to the person, it was assignable and passed to his trustee.

We think that the wrong here complained of was not an injury to the person, but was an injury to property. This is apparent from the historical development of this branch of the law and from principle. The first remedy for the wrong now commonly described as malicious prosecution was the writ of conspiracy. This lay where several persons conspired to wrongfully put the criminal law in motion. The remedy was enlarged by the statute which gave rise to actions on the case. The writ of conspiracy gradually passed out of use, and the remedy on the case became practically exclusive. The earliest instances of this application were based upon criminal prosecutions. Its scope was certainly and widely extended, so that it became available in the malicious prosecution alike of civil and of criminal proceedings. The term "malicious prosecution" came to be used very

indefinitely, and as including a number of wrongs which were in varying degrees different. See Stephen, Malicious Prosecution; Grimestad v. Lofgren, supra, page 286, 117 N. W. 515. The development of this branch of the law exhibited a notable application of the principle that where there is a wrong there is a remedy. The consequent extention of the right to recover damages for any wrongful use of judicial process has been especially great in America. This is evidenced, for example, in the cases in which the action has been allowed to lie even in the absence of interference with person or property. 26 Cyc. 14.

The same effort to secure remedial adequacy has been applied to corporations. The intention of the law is to secure to them all the rights and remedies of natural persons, so far as their purely artificial nature will permit. In the nature of things, however, a corporation, a fictitious being, cannot bring an action ex delicto for a purely personal tort, nor be awarded purely personal damages. In its own capacity it cannot be seduced or falsely imprisoned, nor can it sue for breach of promise of marriage, nor for personal injury. Damages for anguish of the soul or pain of body it cannot recover.

More specifically, in malicious prosecution the original form of action was brought for the recovery of damages for injury to the person, and often upon a state of facts which also gave rise to a cause of action for false imprisonment. Obviously no rational extension of the law could confer on a corporation a similar right. So mental suffering and impairment of health may be proper enough elements of damage when an individual has been the object of the malicious prosecution, but award of damages on that account to the corporation is obviously impossible. None the less, when in reason a corporation has suffered harm because of the wrongful putting of the law in motion, the courts have awarded it the appropriate measure of damages. That wrong must in the nature of things be to the property of the corporation, and not to its person. Property, as thus used in fraud and defamation, as well as in malicious prosecution, has been widely defined. It may include good will and credit. The damages awarded a corporation may be as the plaintiff insists, within the rule that "in an action on the case at common law for malicious attachment when properly averred in the pleading, the plaintiff may recover full

compensation for loss of credit, breaking up of business, loss of customers, and prospective profits and injury to his reputation resulting from the wrongful and malicious attachment." 1 Shinn, Attach. 693. In the case at bar it might be that a cause of action would exist because the injuries resulting from the attachment consisted in the destruction of the business and of the credit, reputation, and standing of the corporation and the driving away of customers. These injuries are not to the person of the corporation, but to property. The tort was not a personal tort, but a property tort. To complete the development of the law, and to cause this wrong to have a remedy, the only alternative and the reasonable conclusion is to hold that the right to recover did not survive in the corporation, but passed as an asset to the receiver.

The authorities accord, although not very clearly, with this conception. Plaintiff rests on the proposition that the rights of action for purely personal torts do not vest in the trustee in bankruptcy, as for fraudulently recommending a person as trustworthy (In re Crockett, 2 Ben. 514, Fed. Cas. No. 3,402), or for fraudulently representing a person to whom goods were sold to be solvent when he was known to be insolvent (Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551), or for slander (Dillard v. Collins, 25 Grat. 343), for malicious prosecution and arrest (In re Haensell [D. C.] 91 Fed. 355), or for malicious abuse of attachment (Noonan v. Orton, 34 Wis. 259, 17 Am. 441; Francis v. Burnett, 84 Ky. 23; Slauson v. Schwabacher, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948). In none of these cases, however, was the party complaining a corporation. It is to be noted, moreover, that Noonan v. Orton, supra, arose under the bankruptcy act of 1867, which did not contain the clause previously quoted from the act of 1898, namely, the one which provided that the trustee is vested with all property, which, prior to the filing of the petition, might by any means have been conveyed. Francis v. Burnett, 84 Ky. 23, involved the construction of a statute of survival of causes materially different from that in force in Minnesota. As has been pointed out, a conclusion has been reached in this state different from that announced in Re Crockett, 2 Ben. 514, Fed. Cas. No. 3,402. See Billson v. Linderberg, 66 Minn. 66, 68 N. W. 771. Cleland v. Anderson, 75 Neb. 273, 105 N. W. 1092, 5 L. R. A. (N. S.) 136, sustains the view here taken.

It has, moreover, been held that a corporation may maintain an action for libel, so far as injury to property is concerned, and not for damage to person and character, for which an individual may recover. Shoe v. Thompson, 18 Abb. Prac. 413, 418; Trenton v. Perrine, 23 N. J. L. 402, 67 Am. Dec. 400; Metropolitan v. Hawkins, 4 Hurl. & N. 146. In Supreme Lodge v. Unverzagt, 76 Md. 104, 24 Atl. 323, which involved a malicious prosecution of a suit for its dissolution, it was said: "The appellant, being a corporation, has no personal character to be injured by the alleged slanderous allegations, and it is not made to appear in what manner such allegations affected its property." The demurrer to the complaint, which contained no allegation of special damages, was dismissed. The authorities may be fairly regarded as having limited the right of recovery of a corporation to the injury to its property. There are also authorities which sustain the proposition that the right of action of a partnership passes to the assignee for the benefit of creditors. This was held in Cleveland Coal Co. v. Sloan & Dick, 90 Ky. 308, 14 S. W. 279, in an action for malicious prosecution of an attachment. To the same effect, see Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59. The same rule applies as to slander. Duffy v. Gray, 52 Mo. 528; Cook v. Batchellor, 3 Bos. & P. 150.

We conclude that plaintiff cannot recover for the malicious attachment. Whether the facts entitled its trustee in bankruptcy to recover is not before us.

Reversed.

BROWN, J. (dissenting).

In my opinion, a cause of action for the wrongful and malicious suing out of an attachment, whether against an individual or a corporation, dies with the individual or corporation thus wronged, and is not assignable. The cause of action in the case at bar did not, therefore, pass to the trustee in bankruptcy. Noonan v. Orton, 34 Wis. 259, 17 Am. 441; In re Haensell (D. C.) 91 Fed. 355.