WILLIAM W. BILLSON v. NILS LINDERBERG, Receiver, and Others.[1]

October 20, 1896.

Nos. 10,120—(36).

**Survival of Action for Deceit—Death of Plaintiff.**

Under G. S. 1894, § 5912, a cause of action for damages for fraud and deceit perpetrated on plaintiff in the exchange of property will survive his death.

**Supplemental Proceedings—Nonresident Debtor—Lien on Assets—Receiver.**

The judgment debtor, a resident of this state, was absent therefrom, so that service in supplemental proceedings could not be had on him. The judgment creditor attempted by the same affidavit and order to commence such proceedings against him under G. S. 1894, § 5486, and against a third

[1] Reported in 68 N. W. 771.

person under section 5496. Service was had on such third person, who appeared and disclosed, and a receiver was appointed under section 5492, but no service was had on the judgment debtor, and he did not appear. During this time a fourth party had in its hands assets of the judgment debtor subject to be reached on supplemental proceedings, but such fourth party was never made a party to any such proceedings, and no action or other proceeding was ever commenced against him by the receiver. About six months after his appointment, these assets were levied on by another judgment creditor. *Held,* the commencement of supplemental proceedings against the judgment debtor under section 5486, and the procuring of personal service on him, give a general equitable lien on the assets subsequently discovered by the judgment creditor exercising proper diligence. But *held,* no service being had on the judgment debtor herein, no such general lien was acquired. *Held,* further, the proceedings gave a lien on the debtor's assets in the possession or under the control of such third person, but not on the assets in the hands of such fourth party. *Held,* that a lien might have been acquired on the assets in the hands of such fourth party by the commencèment of an action against him by the receiver. *Held,* in supplemental proceedings, the analogy of the rights of the parties under a creditors' bill is adopted in many respects.

### Same—Service on Nonresident Debtor.

In this case the court ordered that, if the judgment debtor could not be found within the state, he be served by serving the order on his clerk in charge of his office. *Held,* this was not such a service as would give such a general lien.

### Same—Extrajudicial Service.

The judgment debtor returned to the state about three months after the receiver was appointed, and then, without any further order of the court, the order appointing a receiver made on the disclosure was served on him. *Held,* this service was extrajudicial, and gave no such general lien.

### Same—Receiver—Lien on Proceeds of Pending Suit.

After the appointment of the receiver, he contributed funds to pay the expense of litigation in a suit commenced before his appointment by the judgment debtor against such fourth party to recover the assets in its hands. *Held,* this alone, without other proceedings against such fourth party, gave no lien on such assets for the payment of such judgment.

Action in the district court for St. Louis county against Nils Linderberg, as receiver of the estate of John McKinley in proceedings supplementary to execution, John McKinley, Alice S. McKinley, H. A. Ware and First National Bank of Duluth, praying that they be required to interplead concerning their claims to certain funds in the hands of plaintiff and that the court determine their respective

rights. A judgment of interpleader having been entered and the parties having interpleaded, the case was tried before Morris, J., and from a judgment entered in pursuance of his findings and order in favor of the receiver and Alice S. McKinley and against the other defendants, defendants Ware and First National Bank appealed. Reversed.

*McCordic & Crosby*, for appellants.

*Cash, Williams & Chester*, for respondent Linderberg.

CANTY, J. On September 5, 1893, John McKinley and others were the owners of certain mining property and certain shares of stock in a certain mining corporation, all of which they then agreed to transfer, and did transfer, to the Lake Superior Consolidated Iron Mines, another corporation, and agreed with the latter to take in exchange therefor certain other property. Thereafter, in September, 1894, McKinley and said others commenced an action in the United States circuit court in this state against the latter corporation to recover damages on the ground that they had been induced by its deceit and false and fraudulent representation to enter into the contract for the exchange of said properties and to transfer their property to it as aforesaid.

One Richardson recovered two money judgments against McKinley, and thereafter, in February, 1895, while said action was pending, commenced supplemental proceedings on each judgment, and had a receiver of McKinley's property appointed, the same receiver being appointed in both proceedings. Thereafter, on August 2, 1895, said action was compromised and settled, in consideration of which the defendant therein, the Consolidated Iron Mines, agreed to pay, and did pay, a large amount of money and securities to one Billson, as trustee for the plaintiffs, and McKinley's share of the same is about $13,000, which would not be sufficient to satisfy the two Richardson judgments. Thereafter, on August 21, 1895, the appellant the First National Bank of Duluth held a money judgment against McKinley, and the appellant Ware held another. On that day an execution was issued on each of these judgments, and levied on the funds of McKinley in the hands of the trustee, Billson.

Thereupon Billson brought this action to compel the different claimants of the funds in his hands to interplead and assert their rights

to the same, which they did. On the trial before the court without a jury the court awarded the share of McKinley to Linderberg, as receiver under the two Richardson judgments. From the judgment entered accordingly, the bank and Ware appeal.

It will be observed that the supplemental proceedings were commenced and the receiver appointed under the Richardson judgments while the suit for fraud and deceit was pending, and before that suit was compromised, while the executions on the judgments of appellants were levied after that suit was compromised and the money and securities received by the trustee, Billson.

1. Appellants contend that the claim of McKinley against the Consolidated Iron Mines, being for fraud and deceit, could not be reached by supplemental proceedings. All parties agree that the test of whether it could be so reached is whether it would survive as a claim against the Consolidated Iron Mines on the death of McKinley, and appellants contend that it would not so survive. We cannot agree with appellants.

G. S. 1894, § 5912, provides: "A cause of action arising out of an injury to the person dies with the person of either party, except as provided in the next section. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former, and against the personal representatives of the latter." The next section so referred to gives a cause of action for death caused by the wrongful act or omission of any person or corporation. The fraud and deceit so perpetrated on McKinley was not an injury to his person, within the meaning of section 5912, but an injury to his property,—to his estate. We are clearly of the opinion that under this statute the cause of action of McKinley and his associates against the Consolidated Iron Mines would survive his death and the death of all his associates.

2. John McKinley, a resident of this state, was absent therefrom continuously from the middle of October, 1894, until June 1, 1895, so that service in the supplemental proceedings could not be had upon him. In the affidavit in the first supplemental proceedings instituted by Richardson on one of his judgments he charged three third persons with having property of the judgment debtor in their possession and under their control, and the judge ordered the judgment debtor, McKinley, and such other three persons to appear be-

fore a referee at a designated time and place, to be examined. The examination was had, the referee made his report, and thereupon the order was made appointing the receiver. Thereupon supplemental proceedings were commenced on the other judgment. The affidavit therein recited the former proceedings, and the court appointed the same receiver therein. McKinley was never served in these proceedings and never appeared in them. The Consolidated Iron Mines was not one of the third persons charged as aforesaid, and that corporation was never ordered to appear and be examined, and no order whatever was ever made in regard to it in either of these supplemental proceedings.

It is contended by appellants that, as the judgment debtor was not served in any of these proceedings, Richardson never acquired any lien on the assets in the hands of the Consolidated Iron Mines, and that, therefore, appellants are entitled to the funds of McKinley in the hands of Billson. It seems to us that the point is well taken.

The commencement of supplemental proceedings under G. S. 1894, § 5486, by the service of the order on the judgment debtor, gives the judgment creditor an equitable lien on the assets subsequently discovered, if he proceeds with proper diligence to discover and apply the same to the payment of his judgment. Rid. & B. Supp. Proc. 427; Kellogg v. Coller, 47 Wis. 649, 3 N. W. 433; Bevans v. Pierce, 1 City Ct. R. 259. If the judgment debtor cannot be found within the state, so that service cannot be had on him, the lien may be acquired in some other way, as by the ex parte appointment of a receiver and the commencement of a suit by him against the third person in possession or control of the judgment debtor's assets, or by charging such third person in the supplemental proceedings and ordering him to appear and disclose, as provided in G. S. 1894, § 5496. But in this case the Consolidated Iron Mines was not reached by either of these methods. A receiver was appointed, but no further step was taken to acquire a lien on the assets in the hands of the Consolidated Iron Mines by commencing a suit against it.

The failure, under the circumstances, to obtain service in the supplemental proceedings on the judgment debtor, is not, as counsel for appellants argue, a defect of parties that is fatal to those proceedings. It is the failure to acquire a lien on the assets in question by making the Consolidated Iron Mines a party to some proper

proceeding. In supplemental proceedings the analogy of the rights of the parties under a creditors' bill is adopted in many respects. See authorities cited above. When the judgment debtor is without the state, so that service cannot be had on him, a creditors' bill may be maintained against such a third party alone to reach the assets in his hands, and the failure to do what was impossible—to join the judgment debtor—would not constitute a defect of parties. Pendleton v. Perkins, 49 Mo. 565. But surely such a suit against one third party, whether a receiver was appointed in the suit or not, would not give the judgment creditor a lien on the judgment debtor's assets in the hands of some other third party against whom no proceedings were taken. Neither can the commencement of supplemental proceedings as against certain third persons alone, and the appointment of a receiver in such proceedings, give a lien on the assets in the hands of another third person, not made a party thereto. That is this case. It may be that if, after the receiver was appointed in this case, he had, with proper diligence, commenced an action against the Consolidated Iron Mines, his lien would have related back to the time of his appointment; but that question is not before us now.

3. As it appeared that McKinley could not be found within the state, the court ordered service on him by leaving a copy of the order with his clerk at his place of business at Duluth, and service was made accordingly. But this was not personal service, or any such service as would give a lien generally on the equitable or concealed assets of the judgment debtor.

4. On June 3, 1895, after McKinley had returned to the state, Richardson caused the order made on the referee's report in the supplemental proceedings appointing the receiver, together with the receiver's bond, to be served on McKinley. It is urged by respondent that this was sufficient service, and would give such a general lien on such assets. We cannot so hold.

This service was more than three months after the hearing of which this order was intended to give notice, and the time had long since passed when such service could have performed the functions for which it was intended, to wit, notice of the proceedings, and an opportunity to be heard. It may be that the court could, even at that late day, have issued an order to show cause why McKinley

should not be bound by the prior proceedings; and, whether or not an order made therein declaring him so bound would relate back to the commencement of the proceedings, it might, at least, give such general lien from the time of the service on McKinley of the order to show cause. These are questions which we need not now determine. No such proceedings were had, and no order was made for service at that late day at all. It seems to us that the service at that time was extrajudicial, and did not widen the scope of the supplemental proceedings, or make the judgment creditor's lien a general one.

5. After the appointment of the receiver, Linderberg, and before the compromise of the suit against the Consolidated Iron Mines, he paid the attorneys of the plaintiff in that suit some $400 to prosecute the same, and this money has been repaid him. We do not see that, as against other creditors, at least, this gives him any lien on the fruits of that compromise for the payment of his judgment. This disposes of the case.

It is ordered that the judgment appealed from, the conclusions of law, and order for judgment be set aside, and the case be remanded to the court below, with directions to enter judgment pursuant to this opinion.