## GEORGE GUGGISBERG v. WILLIAM H. BOETTGER.[1]

### January 25, 1918.

### No. 20,694.

**Cause of action assignable.**

1. A cause of action for damages sustained by fraud or deceit is one for injury to property, not for injury to the person, survives the death of either party, and is assignable.

**Corporation — sale of stock — evidence.**

2. The decision is sustained by the evidence.

Action in the district court for Brown county to recover $1,800 for fraudulent representations made in the sale of stock in a corporation. The case was tried before Olsen, J., who made findings and ordered judg-

[1]Reported in 166 N. W. 177.

ment in favor of plaintiff for $1,700. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Pfaender & Erickson,* for appellant.

*Somsen & Dempsey,* for respondent.

BUNN, J.

Through the efforts of defendant and another, plaintiff was induced to purchase stock of a corporation known as the Ware's Grain Binder Attachment Company. Six other persons also purchased the stock in varying amounts. In this action plaintiff claims that he and the others, who assigned their claims to plaintiff, were induced to purchase the stock by fraudulent representations on the part of defendant. The trial resulted in a decision for plaintiff based on his own claim, and five of those assigned to him, the other claim being abandoned on the trial. Judgment was entered on the decision, and defendant brings the case here on appeal from this judgment.

1. The contention chiefly relied on for a reversal is that the causes of action of those who assigned to plaintiff were not assignable. It seems to be agreed that the test of whether a cause of action is assignable is whether it would survive the death of either party. This is correct. Kent v. Chapel, 67 Minn. 420, 70 N. W. 2, 27 L. R. A. (N.S.) 415.

Applying this test, and under our decisions, we hold that a cause of action for damages to a person as to his property, real or personal, through fraud or deceit, is assignable. Section 8174, G. S. 1913, provides that a cause of action arising out of an injury to the person dies with the person of either party, except a cause of action for death by wrongful act, but that all other causes of action, whether arising on contract or not, survive the death of either party. Under this statute it is plain that a cause of action for fraud survives. We do not see that G. S. 1913, § 7674, in any way modifies section 8174, or that it has any bearing on the question before us, which is hardly an open one under our decisions. Billson v. Linderberg, 66 Minn. 66, 68 N. W. 771, holds that a cause of action for fraud and deceit is not one for an injury to the person, but for an injury to property, and therefore survives death. Hansen Mercantile Co. v. Wyman, Partridge & Co.

105 Minn. 491, 117 N. W. 926, 21 L.R.A.(N.S.) 727, holds that a cause of action for injury to the property of an owner is assignable, and that a cause of action for malicious attachment of property is one for an injury to property. See also Cornell v. Upper Michigan Land Co. 131 Minn. 337, 155 N. W. 99.

2. The findings that the fraudulent representations were made, were of material facts and not mere expressions of opinion or "trade talk," are challenged. We will simply say that we have examined the evidence and find it ample to sustain the findings of the trial court and its conclusion that plaintiff was entitled to recover.

Judgment affirmed.