## FRANK JANDERA v. LAKEFIELD FARMERS UNION AND ANOTHER.[1]

December 16, 1921.

No. 22,444.

**Attachment — charges in affidavit not traversed need not be proved.**
1. Where the defendant fails to traverse the charges in an affidavit for attachment, the rule requiring plaintiff to prove such charges by further evidence does not apply.

**Charges sustained by evidence.**
2. The evidence sustains the finding that the grounds for the attachment set forth in the affidavit therefor are true.

**Assignee of debt may attach for fraud in contracting.**
3. A cause of action for fraud is assignable, and the assignee of a debt may maintain an attachment based on the ground that the debt was fraudulently contracted.

Action in the district court for Jackson county to recover $1,000 on three checks. The motion of defendant's trustee in bankruptcy to set aside the writ of attachment was denied, Dean, J. From the order denying the motion to vacate the writ of attachment, defendants appealed. Affirmed.

*H. L. & J. W. Schmitt* and *H. W. Volk,* for appellants.
*O. Thoreson,* for respondent.

[1]Reported in 185 N. W. 656.

TAYLOR, C.

On June 10, 1920, plaintiff sold and delivered to defendant at its elevator in Lakefield two loads of grain, and received in payment therefor two checks drawn by defendant on the First National Bank of Lakefield. On the same day William Jandera sold and delivered to defendant, at the same elevator, one load of grain, and received in payment therefor a check drawn by defendant on the same bank. The bank refused to pay the checks on the ground that defendant had no funds therein. Thereafter William Jandera assigned and transferred his check together with all rights of action thereon to plaintiff. On July 2, 1920, plaintiff brought suit on the three checks, and on an affidavit charging that the indebtedness "was fraudulently contracted, and that defendant is about to dispose of its property with intent to hinder and delay its creditors," caused an attachment to be issued under which a levy was made on certain real estate of defendant on the same day. On January 3, 1921, defendant was duly adjudged a bankrupt, and on January 25, 1921, Emil Schoyen was duly appointed its trustee in bankruptcy and thereafter duly qualified as such trustee. On March 3, 1921, the trustee in bankruptcy made a motion to be substituted as defendant in this action and to vacate the attachment. On March 16, 1921, the court filed its order denying both motions. The trustee appeals.

Plaintiff's claim was admitted at the hearing on the motion, and the only question presented on this appeal is whether the court erred in refusing to vacate the attachment.

It is urged that the attachment should have been set aside because plaintiff failed to submit any further affidavits in support of it, and Jones v. Swank, 51 Minn. 285, 53 N. W. 634; Schoeneman v. Sowle, 102 Minn. 466, 113 N. W. 1061; and Tereau v. Madison, 135 Minn. 469, 160 N. W. 1024, are cited in support of this contention. The facts do not bring this case within the doctrine of those cases. Here the trustee, aside from the evidence offered in support of his claim that the order for the issuance of the writ was void because the court commissioner who made it was not court commissioner at that time—a claim not urged on this appeal—merely presented his own affidavit and the

testimony of the manager of the defendant corporation, which was taken orally at the hearing. The affidavit of the trustee contains nothing traversing the charge made in the affidavit for the attachment.

From the testimony of the manager it appears that he purchased this grain and issued these checks; that defendant had no funds in the bank at that time and was then hopelessly insolvent; that immediately thereafter the bank caused an attachment to be issued under which it closed defendant's elevator and took the grain for which these checks were issued; that defendant did not resist the attachment procured by the bank, and that after the levy had been made under that attachment plaintiff procured his writ and caused a levy to be made thereunder on the real estate on which the elevator was located. The manager states that when he issued the checks he did not know that defendant had no funds in the bank and believed that the checks would be paid. It further appears from the manager's testimony that defendant, in addition to its elevator, operated a lumber-yard and owned an old tile factory; that before plaintiff procured his writ defendant's president, A. V. Everett, had given an option contract for the sale or lease of a parcel of trackage property owned by it on the opposite side of the track from its elevator, and had shipped a carload of machinery from the tile factory to a plant owned by himself; that the only compensation to defendant for this machinery was a charge against Everett, on the books, of $100, although "it was worth a whole lot more;" that, when plaintiff's attachment was issued, Everett was endeavoring to sell all of defendant's property, and that, after plaintiff's attachment had been levied, Everett took the lumber on hand and removed it from the lumber-yard and had himself charged on the books of the corporation with some $1,400 or $1,500 as the purchase price of the lumber.

Both parties seem to have relied on the testimony of the manager as supporting their respective contentions. Although the trustee had procured an affidavit from Everett, the president of the corporation, it was not served on plaintiff nor presented to the court at the hearing, and is not a part of the record.

From the facts disclosed at the hearing the trial court found that

"the grounds upon which said writ of attachment was issued, as set forth in the affidavit for attachment herein, are true;" and our examination of the record satisfies us that the court was fully justified in reaching that conclusion.

The trustee contends that the testimony of the manager shows an absence of intent to defraud. The manager knew that the defendant was indebted in an amount exceeding the total value of all its assets, and no attempt was made to explain how it happened that he failed to know that defendant had no funds in the bank, or why he believed that the checks would be paid. We simply have his bare statement that he did not know that there were no funds and believed the checks would be paid. Furthermore there is no showing that the president of the corporation, who seems to have been its controlling executive officer, was not fully cognizant of the exact situation. Issuing a check, knowing that the maker has no funds or credit with the bank sufficient for its payment, is prima facie evidence of intent to defraud. Chapter 94, p. 92, Laws 1919.

The trustee further contends that the attachment cannot be sustained on the charge that the debt was fraudulently contracted, for the reason that the ground for the attachment must exist in respect to all the claims sought to be enforced under it, and that the right of William Jandera to proceed by attachment, arising out of the fraud perpetrated on him, was personal to himself, did not pass to plaintiff, and plaintiff cannot maintain an attachment based thereon. There are cases holding that the assignee of a debt cannot maintain an attachment based on the ground that the debt was fraudulently contracted, but these decisions rest on the common-law rule that a cause of action for fraud is personal to the one defrauded and cannot be assigned by him. This rule has been abrogated in Minnesota. Any cause of action which survives the death of the holder is assignable. Dunnell, Minn. Dig. and 1916 Supp. § 564. All causes of action except those arising out of an injury to the person survive. G. S. 1913, § 8174. A cause of action arising out of fraud or deceit is not a cause of action for injury to the person, but a cause of action for injury to a property right, and is assignable. Guggisberg v. Boettger, 139 Minn. 226, 166 N. W. 177; Hansen Mer-

cantile Co. v. Wyman, Partridge & Co. 105 Minn. 491, 117 N. W. 926, 21 L.R.A.(N.S.) 727. But, even if the objections to the claim that the debt was fraudulently contracted were well taken, the finding that defendant was about to dispose of its property with intent to hinder and delay its creditors is sufficient to sustain the attachment.

Order affirmed.