**In re Supervised Voluntary Dissolution of MARICH CONSTRUCTION COMPANY.**

**No. C9–86–348.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Jay R. Stassen, LeVander, Gillen, Miller, Anderson & Kuntz, South St. Paul, for appellant David J. Brelje, Receiver of Marich Const. Co.

Jeffrey H. Olson, Thiel, Sorenson, Thiel & Campbell, Minneapolis, for respondents Joseph J. Zywiec and Deborah A. Zywiec.

Considered and decided by CRIPPEN, P.J., LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order denying appellant's motion to vacate a writ of attachment. The trial court found that appellant failed to adequately challenge the allegations of fact contained in respondents' supporting affidavit. We reverse.

## FACTS

On December 10, 1984, respondents Joseph and Deborah Zywiec contracted with Marich Construction to complete a $10,000 addition to their home in Cottage Grove by February 15, 1985.

Minimal work on the addition was performed by the hired subcontractors but they were never paid by Marich Construction. The Zywiecs have paid these subcontractors an additional $1,200. No other work has been performed by Marich Construction.

David Marich, the sole shareholder, director, officer, and employee of Marich Construction, died accidentally on December 28, 1984. By order of the Ramsey County Probate Court appellant David Brelje was appointed special administrator without limitation of Marich's estate. Brelje learned that Marich Construction was the owner of three homes, bank accounts, shares of stock, an automobile and a small number of accounts receivable. He also learned that Marich Construction was a party to at least five uncompleted resi-

dential construction contracts, including the contract with the Zywiecs. It appeared to Brelje that the liabilities of Marich Construction far exceeded its assets.

On January 21, 1985, Brelje called a meeting of all creditors, debtors and interested parties including the Zywiecs to discuss the financial condition of Marich Construction and to determine what should be done about the unfinished construction projects. No formal agreement was reached at the meeting of how to distribute the property. The creditors did agree, however, that any action taken should be done as a group to minimize the cost of dissolving the corporation and maximize the recovery afforded each.

On February 15, 1985, the Zywiecs obtained an ex parte order of attachment against Marich Construction. In support of their motion they submitted the affidavit of their attorney reciting the facts underlying the need for a preliminary writ. The issued writ of attachment was filed by the Zywiecs in the Ramsey County Recorder's Office on February 25 attaching certain real property owned by the corporation.

On March 11, 1985, Brelje filed a notice of intent to dissolve Marich Construction Co. A month later Brelje was appointed by the Dakota County District Court as liquidating receiver of the corporation.

August 1, 1985 was the last day set by the trial court to file claims against the corporation. Valid claims against Marich Construction exceed $450,000. To date, Brelje has collected approximately $100,000 from the sale of assets owned by the company. The only corporate asset remaining to be sold is the property upon which the Zywiecs writ has attached.

Several months before the deadline, the Zywiecs filed a written statement of claim seeking $11,200 as a priority secured claim by virtue of their writ of attachment. On December 23, 1985, Brelje gave notice to the Zywiecs that their claim had been allowed as a nonpriority claim.

The same day Brelje moved for an order vacating Zywiec's preliminary writ of attachment. The trial court denied Brelje's motion and this appeal follows.

## ISSUE

1. Did the trial court err in refusing to vacate the writ of attachment?

## ANALYSIS

1. Brelje argues that the affidavit submitted by the Zywiecs was inadequate to support a writ of attachment under the requirements of Minn.Stat. § 570.02 (1984). Specifically, he maintains that the affidavit does not contain sufficient facts from which one could reasonably conclude that he has, or is about to, intentionally defraud or delay the creditors of Marich Construction by hiding or disposing of the corporation's assets.

The Zywiecs affidavit states:

Jeffrey H. Olson, being first duly sworn says:

1. That he is the attorney for the Plaintiffs in the above-entitled action.

2. That a claim for relief for the recovery of money exists in favor of said Plaintiffs against the Defendant therein.

3. That the amount of said claim is $11,200.00.

4. That the ground of said claim and the nature and basis thereof is a Building Contract, dated December 10, 1984 between Plaintiffs and the Defendant for the construction of an addition on Plaintiffs' home to be done by Defendant in which plaintiffs paid $10,000.00 to Defendant. No work has been done by Defendant and all indications are that there never will be any work done on the project. Some minimal work was done by subcontractors which were paid by Plaintiffs in the full amount of their bills, $1,200.00. Defendant still has the $10,000.00 of Plaintiffs. Attached as Exhibit A is a photocopy of the Building Contract.

5. That the Defendant is about to dispose of his property with intent to pay off some suppliers and creditors with intent to delay or defraud other creditors; and is about to dispose of the remainder of its property with the same intent.

Subdivision 1 of Minn.Stat. § 570.02 provides: "To obtain the writ of attachment, the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof." Minn.Stat. § 570.02, subd. 1 (1984). Enumerated grounds include that the debtor has secreted or disposed of his property or is about to do so, with intent to delay or defraud his creditors. *See id.* subd. 2(a)(5), (b)(2)(ii). The Minnesota Supreme Court has repeatedly held that submitting an affidavit which merely recites in conclusory allegations the statutory language of Minn. Stat. § 570.02 does not constitute sufficient cause for attachment. *See International State Bank v. Gamer,* 281 N.W.2d 855, 859 (Minn.1979). Thus, specific facts to support an allegation that the debtor has or is about to secret or dispose of property must be made or a writ of attachment may not be issued. *Id.*

In *Gamer,* the debtor informed the bank he would sell the collateral securing his bank loans at a nominal price just to spite the bank. *Id.* at 857. He later told a bank employee that he had no intention to repay the loans and was planning to sell his house and move from the area. *Id.* The *Gamer* court agreed with the trial court that these admitted statements contained in the bank's supporting affidavit established intent by the debtor to defraud or delay his creditor sufficient to issue a writ of attachment to secure the bank's property. *Id.* at 860–61.

Unlike *Gamer,* Zywiecs' affidavit does not include any statements made, or actions taken, by Brelje that indicate an intent by him to defraud or delay creditors. In fact, the affidavit fails to make any reference to Brelje, indicating only that Marich Construction (Defendant) is attempting to dispose of property. (Although written nearly a month and a half after the death of David Marich, there is no indication of that fact in the affidavit or that a special administrator was appointed to handle the affairs of the corporation.) The affidavit is a mere recitation of the statutory grounds for attachment coupled with a conclusory allegation that defendant will never complete work on the project. Without specific facts to support their allegations, the affidavit submitted by the Zywiecs is defective. Consequently, the writ of attachment was improperly issued and should have been vacated.

The trial court found and the Zywiecs now argue on appeal that Brelje failed to adequately challenge the allegations contained in their affidavit that Marich Construction, or its representative Brelje, was or was about to dispose of property with the intent of defrauding its creditors.

Upon a motion to vacate a writ of attachment, the moving party has the burden of denying the allegations of fact contained in the affidavit for attachment. *See Jandera v. Lakefield Farmers Union,* 150 Minn. 476, 477–78, 185 N.W. 656, 657 (1921). The allegations of fact having been adequately denied, the holder of the writ has a burden of sustaining the allegations relied upon to support the writ. *Tereau v. Madison,* 135 Minn. 469, 470, 160 N.W. 1024, 1024 (1917).

Brelje argues that the allegations contained in the affidavit were unfounded because Marich Construction (identified in Zywiec's affidavit as the defendant) did not, and could not, form the intent to defraud its creditors, a statutory prerequisite to the issuance of a writ of attachment. David Marich and his company were quite obviously unable to "defraud or delay" creditors after his death on December 28, 1984. The Zywiecs did not bring their action against Marich Construction until February 15, 1985, over a month after Brelje had been appointed special administrator of Marich's estate.

Based on the information in the supporting affidavit it is apparent that Brelje met his burden of denying the allegations of fact. The Zywiecs alleged that defendant was about to dispose of property with intent to delay or defraud creditors. Brelje countered that this was impossible because Marich, the sole employee of the company, had died. Under Minnesota law the burden then shifted to the Zywiecs to sustain their

allegation with additional evidence. Because they did not do so, the writ should not have issued.[1]

The Zywiecs maintain that Brelje, acting on behalf of the corporation, was *certainly* capable of "disposing" of the property of Marich Construction after Marich's death in December, 1984. Although the possibility does exist, there were no specific facts presented by the Zywiecs implicating Brelje or the manner in which he conducted the affairs of the corporation in their supporting affidavit.

## DECISION

The affidavit submitted by respondents was inadequate to support a writ of attachment under the requirements of Minn.Stat. § 570.02 (1984).

Reversed.

---

1. The trial court stated in its memorandum that Brelje presented only arguments in support of the motion to vacate and did not present evidence on the record that would have challenged the allegations in the affidavit. Assuming this to be true, the arguments that Marich could not form the requisite intent to defraud creditors should have been enough standing alone to deny the allegation, it being similar in effect to a determination made as a matter of law that the statutory requirements of Minn.Stat. § 570.-02 had not been met.