Raymond G. PETERSON, assignor, Plaintiff,

and

Leota Stiernagle, assignee and trustee for the heirs and next of kin of Kim Stiernagle, et al., Respondents (C4–90–83), Appellants (C5–90–304),

v.

Marlene BROWN, individually and First National Agency of Aitkin, Appellants (C4–90–83), Respondents (C5–90–304).

Nos. C4–90–83, C5–90–304.

Court of Appeals of Minnesota.

July 3, 1990.

Review Denied Aug. 23, 1990.

Arthur C. Kosieradzki, Mark R. Kosieradzki, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for Stiernagle, et al.

Clarance E. Hagglund, Britton D. Weimer, Hagglund Law Firm, P.A., Minneapolis, for Brown, et al.

Sharon L. Van Dyck, Schwebel, Goetz & Sieben, P.A., Minneapolis, for amicus curiae, Minn. Trial Lawyers Ass'n.

Considered and decided by LANSING, P.J., and FORSBERG and SCHULTZ *, JJ.

## OPINION

LANSING, Judge.

This appeal is from a summary judgment dismissing two of four assigned claims arising out of an insurance agent and agency's failure to obtain requested insurance. We affirm the denial of summary judgment on the contract and fraud actions and the dismissal of the cause of action based on reasonable expectations. We reverse the summary judgment entered on the negligence claim.

## FACTS

For purposes of appeal, the facts are undisputed. Raymond Peterson, assignor, decided to purchase the Carlsona Beach Motel in the spring of 1985. Before closing on the property, Peterson met with Marlene Brown, an insurance agent with First National Agency of Aitkin, Inc. (First National), to obtain insurance on his future motel business. Brown specifically sought "full insurance coverage" which was to include worker's compensation coverage, dram shop liability coverage, general liability coverage and fire insurance. Brown assured Peterson that she could obtain the coverage and Peterson left a premium deposit with Brown. Relying on this assurance of coverage, Peterson proceeded with the motel purchase and opened it for business.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Shortly after opening, two of Peterson's employees were fatally burned while assisting in carpet removal at the motel. Peterson had provided Kim Stiernagle and Angela Halverson with a mixture of gasoline and kerosene to remove the carpet. This improper solvent filled the room with fumes that ignited instantaneously from a sandpaper spark. The explosion severely burned Stiernagle and Halverson. Stiernagle died after ten days of hospitalization with medical expenses of $65,416.22. Halverson died after 12 days in the hospital with medical expenses of $59,638.04.

Halverson and Stiernagle's trustees sued Peterson. Peterson believed his insurance covered the incident and submitted the claims to Brown. Brown and First National denied coverage of the accident because Brown had failed to obtain either worker's compensation insurance or comprehensive liability insurance for Peterson.

Peterson entered into a so-called Miller–Shugart agreement with Halverson and Stiernagle's trustees. The agreement liquidated the claims against Peterson and reduced them to judgment. The agreement also provided a release of liability for Peterson and assigned the rights of Peterson against Brown and First National to Halverson and Stiernagle's trustees.

After this agreement was reached, Peterson and the trustees brought an action against Brown and First National for breach of oral contract to obtain insurance, negligent failure to obtain insurance, fraud and misrepresentation, and failure to provide for the reasonable expectations of their insured.

## ISSUES

1. What issues are included within the scope of review?

2. Are the claims against the insurance agent and agency assignable?

3. Does the complaint state a cause of action for negligence and violation of the reasonable expectations doctrine?

## ANALYSIS

### I.

### Scope of Review

The participants in this appeal seek to expand its scope, necessitating an initial examination of the case's procedural posture. The appeal is from the trial court's ruling on Brown and First National's Rule 12.03 motion for judgment on the pleadings or alternatively a Rule 12.02(5) motion to dismiss for failure to state a claim for which relief may be granted. The underlying action is the trustee's claims, as assignees of Peterson, against Brown and First National for their failure to provide insurance.

In ruling on the motions to dismiss, the trial court decided to consider facts outside the pleadings and converted the motion into a request for summary judgment. Brown and First National dispute the propriety of this conversion but we see no error. The court based its holding, in part, on the stipulated tort judgment negotiated between the trustees and Peterson which is evidence outside the pleadings. *See* Minn. R.Civ.P. 12.03 (when matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56).

The trial court decided the summary judgment motion by addressing whether Peterson's claims could be assigned to the trustees and whether the complaint failed to state causes of action for negligence and violation of the reasonable expectations doctrine. The trial court certified the "legal questions presented in the motion" as important and doubtful and entered judgment stating that there was no just reason for delay.

■ We have previously noted that when an order is certified as important and doubtful, the trial court must specify the precise legal question upon which it seeks certification and make findings of fact explaining its ruling on that question. *King v. Watonwan Farm Service Co.*, 430 N.W.2d 24, 26 (Minn.App.1988). If the trial court fails to do so, certification is defec-

tive and the order is not appealable. *Id.* (citing *Duxor Investment Aktiengesellschaft v. Investment Rarities, Inc.,* 413 N.W.2d 502, 504 (Minn.1987)). Because the legal questions are not specified, the certification fails.

■ There is, however, an alternative basis for appeal. In ruling on the motion, the trial court stated that there was no just cause to delay, and ordered entry of judgment on two of the claims. *See* Minn.R. Civ.P. 54.02. Both sides appealed and the files were consolidated. The trustees appealed the summary judgment against their negligence and reasonable expectations claim. Brown and First National appealed the denial of summary judgment on their fraud and contracts claim. Although a denial of summary judgment is not ordinarily appealable, it may be reviewed as part of an appealable judgment. *See Kronzer v. First Nat. Bank of Minneapolis,* 305 Minn. 415, 417, 235 N.W.2d 187, 189 (1975); *Bogatzki v. Hoffman,* 430 N.W.2d 841, 846 (Minn.App.1988), *pet. for rev. denied* (Minn. Dec. 21, 1988); Minn.R. Civ.App.P. 103.04.

■ Brown and First National seek review of three issues: (1) assignability of the claims, (2) whether a Miller–Shugart settlement is enforceable against an insurance agent or agency, and (3) whether the stipulated tort judgment eliminates Peterson's damages and defeats the claims. The last two issues were not decided by the trial court. The Minnesota Trial Lawyers Association submitted an amicus brief exclusively on the issue of the application of *Miller v. Shugart,* 316 N.W.2d 729 (Minn. 1982), to insurance agents and agencies.

The trustees contest this accretion of issues, asserting that the sole issue for review is whether Peterson's causes of action against his insurance agent and agency are assignable to the trustees. The trustees contend that expanding the issues beyond what was decided in the trial court defeats their right to properly argue the issues and distorts the action by taking issues out of sequence. We agree.

The issues before us on appeal are those argued and decided in the summary judg-

ment motion in the trial court: whether Peterson's causes of action against his insurance agent and agency are assignable to the trustees, and whether the complaint states a cause of action in negligence and violation of the reasonable expectations doctrine.

## II.

### Assignability

Under the early common law, ordinary causes of action were not assignable. *Hillsdale Distillery Co. v. Briant,* 129 Minn. 223, 226, 152 N.W. 265, 266 (1915). This rule was grounded on public policy considerations relating to champerty and maintenance. *See Travelers Indemnity Co. v. Vaccari,* 310 Minn. 97, 100–101, 245 N.W.2d 844, 846 (1976). The flat prohibition on assignments conflicted with emerging commercial interests and in most states the common law was modified to provide that actions that survive the death of the holder may be assigned. *Hillsdale,* 129 Minn. at 226, 152 N.W. at 266.

Minnesota's rule on assignability conforms to the general practice. Assignability is determined by reference to Minn.Stat. § 573.01 (1990) which governs survival:

A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

■ A cause of action is assignable if it meets the statute's survival test. *See Regie De L'Assurance Automobile Du Quebec v. Jensen,* 399 N.W.2d 85, 89 (Minn. 1987); *Jandera v. Lakefield Farmers Union,* 150 Minn. 476, 479, 185 N.W. 656, 658 (1921); *Babcock v. Canadian Northern Railway Co.,* 117 Minn. 434, 443–45, 136 N.W. 275, 279 (1912); *Hansen Mercantile Co. v. Wyman, Partridge & Co.,* 105 Minn. 491, 493, 117 N.W. 926, 927 (1908). A wrongful death action is specifically main-

tainable and governed by Minn.Stat. § 573.02.

■ Brown and First National assert that the causes of action assigned by Peterson to the trustees are for injury to the person and are not assignable. This argument is inaccurate. Peterson's claims against Brown and First National are based on their failure to obtain insurance for his business. These are claimed violations of a property right and not an injury to the person within the meaning of Minn. Stat. § 573.01.

It is well-settled in Minnesota that causes of action for fraud and misrepresentation are assignable. *See Jandera,* 150 Minn. at 479, 185 N.W. at 658; *Guggisberg v. Boettger,* 139 Minn. 226, 227, 166 N.W. 177, 177 (1918); *Billson v. Linderberg,* 66 Minn. 66, 69, 68 N.W. 771, 772 (1896). Brown and First National argue, citing two cases from outside this jurisdiction, that we should create a special exception for fraud by an insurance agent. *See Midwest Mutual Insurance Co. v. Arkansas National Co.,* 260 Ark. 352, 538 S.W.2d 574 (1976); *Travelers Insurance Co. v. Turner,* 211 Va. 552, 178 S.E.2d 503 (1971). We see no reason to create a special exception. The cases cited by Brown and First National are inapposite, as the body of law that has developed in Minnesota is significantly different from that developed in these other states.

It is also evident from Minnesota case law that the negligence claim against Brown and First National is assignable. In *Johnson v. Taylor,* 435 N.W.2d 127, 128–29 (Minn.App.1989), *pet. for rev. denied* (Minn. Apr. 19, 1989), we held that an attorney malpractice claim survived the death of the holder, notwithstanding the fact that the alleged malpractice involved the mishandling of a personal injury lawsuit. Similarly Peterson's malpractice cause of action satisfies the survival test and is assignable, despite the personal injury context in which it arose.

We agree with the trial court that the breach of contract claim is also assignable. *See, e.g., Milner v. First National Bank of Minneapolis,* 228 Minn. 324, 37 N.W.2d 450 (1949). No Minnesota law has been advanced to support a contrary claim. We also note that Brown and First National did not raise this issue in their briefs and it is waived on appeal. *See Balder v. Haley,* 399 N.W.2d 77, 80 (Minn.1987) (issues not argued in briefs are deemed waived.)

Brown and First National do not properly distinguish the first action between the trustees and Peterson from the present action by the trustees against Brown and First National. That the causes of action were precipitated by injuries to persons does not change their character as claims for property rights. The fraud, breach of contract and negligence actions are assignable.

### III.

### *Failure to State a Cause of Action in Negligence and Violation of Reasonable Expectations Doctrine*

■ The trial court determined that an action in negligence cannot arise out of an agent's failure to obtain insurance. This is not a correct statement of law. Both this court and the supreme court have recognized that an insurance agent may be held liable under a negligence theory for a failure to procure insurance if the agent undertook such an obligation. *See Atwater Creamery Co. v. Western National Mutual Insurance Co.,* 366 N.W.2d 271, 279 (Minn.1985); *Johnson v. Farmers & Merchants State Bank,* 320 N.W.2d 892, 898 (Minn.1982); *Yule v. Iowa National Mutual Insurance Co.,* 390 N.W.2d 391, 392–93 (Minn.App.1986), *pet. for rev. denied* (Minn. Sept. 22, 1986). As stated in *Johnson,* 320 N.W.2d at 898:

An insurance agent has the duty to exercise the standard of skill and care that a reasonably prudent person engaged in the insurance business will use under similar circumstances.

It is for the jury to determine whether Brown and First National undertook to provide the insurance coverage allegedly requested by Peterson and whether they acted reasonably under the circumstances.

■ The reasonable expectations doctrine recognized in *Atwater Creamery*, 366 N.W.2d at 277–78, is a tenet of insurance contract construction, not an independent cause of action. The trial court correctly dismissed this count of the complaint.

## DECISION

We affirm the trial court's denial of summary judgment on the claims of breach of contract, fraud and misrepresentation. We reverse the summary judgment on the negligence claim and reinstate it. We affirm the dismissal of the reasonable expectations claim as a separate cause of action.

The issues relating to damages and the application of Miller–Shugart settlements to insurance agents and agencies should be decided in the first instance in the trial court. Brown and First National may raise their argument on the applicability of *St. Michel v. Burns and Wilcox Ltd.*, 433 N.W.2d 130 (Minn.App.1988), *pet. for rev. denied* (Minn. Mar. 17, 1989), and, if successful, may raise their claim that the stipulation between Peterson and the trustees extinguishes damages by releasing the claimed insured from liability. Whether a defaulting agent or agency must still defend and indemnify the wrongful death claims without regard to the release is initially a question for the trial court. *See William M. Mercer, Inc. v. Woods*, 717 S.W.2d 391 (Tex.Ct.App.1986), *aff'd. in part, rev'd. in part*, 769 S.W.2d 515 (Tex. 1988).

Affirmed in part, reversed in part, and remanded.